**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| BOBBY SHANE CHARLTON, | ) |
| Plaintiff, | ) No. 03:12-cv-01046-HU |
| vs. | ) |
| | ) **ORDER ON PLAINTIFF'S** |
| UMATILLA COUNTY JAIL and | ) **MOTION FOR SUMMARY JUDGMENT,** |
| SHERIFF JOHN TRUMBO, | ) **AND SUMMARY JUDGMENT ADVICE** |
| Defendants. | ) |

_____

Bobby Shane Charlton
#79653
Jackson County Jail
787 W. 8th Street
Medford, OR 97501

    Plaintiff *pro se*

Leslie Anne Edenhofer
Steven A. Kraemer
Hart Wagner, LLP
1000 S.W. Broadway, Suite 2000
Portland, OR 97205

Douglas R. Olsen
Umatilla County Counsel
216 S.E. Fourth Street
Pendleton, OR 97801-2509

    Attorneys for Defendants

1 - ORDER & SUMMARY JUDGMENT ADVICE

HUBEL, Magistrate Judge:

The *pro se* plaintiff Bobby Shane Charlton has filed a Motion for Summary Judgment. Dkt. #71. The defendants have responded that the plaintiff has offered no evidence or authorities in support of his motion. Dkt. #73.

The defendants are correct. As discussed during the court's scheduling conference with the parties on July 19, 2013, the plaintiff failed to attach any documents to his motion, or otherwise to comply with Federal Rule of Civil Procedure 56, and Local Rule 56.

The plaintiff's current motion for summary judgment is **denied, without prejudice** to refiling, if desired, on or before November 15, 2013. The motion must comply with Federal Rule of Civil Procedure 56, and Local Rule 56. Copies of those rules are attached to this Order. The defendants' request for oral argument is, therefore, found to be moot.

At the scheduling conference, the defendants stated their intention to file a motion for summary judgment in this case. Accordingly, the court provides the following notice to the plaintiff:

**NOTICE – WARNING**
*This Notice is Required to be Given*
*to You by the Court*

The court advises you that the defendants may file a motion for summary judgment seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Copies of Rule 56 and Local Rule 56 are attached to this order for your information.

2 - ORDER & SUMMARY JUDGMENT ADVICE

Rule 56 tells you what you must do in order to oppose (or to file) a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact and the party asking for summary judgment is entitled by law to receive it. In other words, the court must enter summary judgment when there is no real dispute about any fact that would affect the result of your case, and when the applicable law - including laws passed by Congress or the state Legislature, and the law set out in published court opinions - says the moving party is entitled to judgment. **If summary judgment is granted for the defendants, it will end your case.**

When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what you said in your Complaint. Instead, you must set out specific facts, supported by deposition testimony, authenticated documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents, and show that there is a genuine dispute of material fact for trial. If you do not submit your own evidence in opposition, the defendants' evidence might be taken as the truth, and final judgment may be entered against you without a trial.

Local Rule 56-1(a) of the District Court sets forth an additional requirement for how factual positions must be supported. The Local Rule provides, "A party's factual positions must be supported by citations, by page and line as appropriate, to the particular parts of the materials in the record." LR 56-1(a).

3 - ORDER & SUMMARY JUDGMENT ADVICE

If the defendants file a motion for summary judgment, your response must be filed within 24 calendar days of the filing date. For example, if the motion is filed on the 1st of the month, your response must be filed by the 25th. If the deadline falls on a weekend or a holiday, then your response is due the very next business day.

IT IS SO ORDERED.

Dated this <u>23rd</u> day of July, 2013.

<u>/s/ Dennis James Hubel</u>
Dennis James Hubel
Unites States Magistrate Judge

4 - ORDER & SUMMARY JUDGMENT ADVICE

**Rule 56. Summary Judgment**

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT.  A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION.  Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.  (1) *Supporting Factual Positions.*  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.  (2) *Objection That a Fact Is Not Supported by Admissible Evidence.*  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  (3) *Materials Not Cited.*  The court need consider only the cited materials, but it may consider other materials in the record.  (4) *Affidavits or Declarations.*  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT.  If a party fails to properly support an assertion of fact or fails to properly  address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION.  After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF.  If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH.  If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result.  An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

# LR 56 - Summary Judgment

(*See* Fed. R. Civ. P. 56 )

## LR 56-1 Motion for Summary Judgment

### (a) Supporting Factual Positions

A party's factual positions must be supported by citations, by page and line as appropriate, to the particular parts of materials in the record. Unless otherwise ordered by the Court, a party is not required to file a separate Concise Statement of Material Facts.

### (b) Evidentiary Objections

Rather than filing a motion to strike, a party may assert evidentiary objections in its response or reply memorandum. Evidentiary objections in a response or reply memorandum are subject to the certification requirement of LR 7-1(a). If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum; the non-moving party may not file further briefing on its evidentiary objection. If an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven (7) days addressing only the evidentiary objection; the moving party may not file further briefing on its evidentiary objection. If a party asserts an evidentiary objection in a motion to strike evidence, no reply memorandum is permitted. Unless otherwise ordered by the court, any oral argument as to evidentiary objections will be scheduled for the same time as the summary judgment motion.

| Commentary |
|---|
| An evidentiary objection in a response or reply memorandum may be supported by argument and should be stated concisely. There is no need to make a separate motion to strike. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002); Fed. R. Evid. 103(a)(1). If the case goes to trial, failure to challenge admissibility at the summary judgment stage does not forfeit the right to challenge admissibility at trial. |